## GRUNERT v. BUSH TERMINAL CO. et al.
### No. 192.

Circuit Court of Appeals, Second Circuit.
Feb. 2, 1931.

566

William F. Purdy, of New York City, for appellant.

Duncan & Mount, of New York City (John A. McManus and Arthur C. Muller, Jr., both of New York City, of counsel), for appellee Bush Terminal Co.

James B. Henney, of New York City (Burt L. Rich, of Brooklyn, N. Y., of counsel), for appellee Phœnix Transit Co.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above).

The plaintiff's intestate was working in a hazardous place on the narrow rail and knew the danger which was quite apparent. He was safe enough so long as he stayed on the rail, but the ever-present danger of falling off if he did not protect himself from doing so was obvious. He had been told to be careful and to use one hand to hold on. He was bound to do only what he could when following such instructions. When he received the order from the mate on the tug, no duty incumbent upon him required compliance except in so far as he could comply when doing his work in the way he had been told to do it. His instructions to obey orders from tugs were general; his instructions to look out for himself and hang on with one hand were specific. His employer had the right to have him do his work the way he had been told to do it. Grunert disregarded such instructions, and took a chance of falling when he used both hands to cast the eye to the tug. If it were impossible for him to cast it with one hand from where he was, all he had to do was to walk along the rail with it a few feet until he came to a point where the float and tug were near enough together to enable him to do it in safety with one hand. Assuming that his duty to his employer required him to obey this order from the mate, that duty did not require him to cast the eye in a dangerous manner and left him perfectly free to do it in whatever way he could, if at all, without more risk of falling than would be involved when he used one hand for his own safety. His choice of the manner was voluntary, in violation of his instructions from his employer, plainly dangerous, and the proximate cause of his death. Perhaps it would have been safer not to have doubled the line but to have tripled it, as the evidence indicated was often done by leaving the eye over the cleat and taking over slack enough to have the head line in three parts. The most that can be said is that both ways were used by tug captains. Not the method of attaching the head line but the failure of Grunert to protect himself with one hand while doing his work caused his death. While he was working in a dangerous situation, it was his duty to use care commensurate with the plain requirements of his own safety, especially since he had been cautioned to do so and been told by his employer how to do it. We cannot now consider what would have been the situation had he fallen without ignoring these cautionary instructions or been unable to comply with them.

On this record Grunert is shown to have adopted an unsafe way to do what he was told when he could and should have done it in a safe way, and neither respondent is liable for his heedlessness. Mississippi River Logging Co. v. Schneider (C. C. A.) 74 F. 195; Johns-Manville v. Pocker (C. C. A.) 26 F.(2d) 204; Morris v. Duluth, S. S. & A. Ry. Co. (C. C. A.) 108 F. 747.

Decree affirmed.